```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
 HAZEL ABRAMS,

                    Plaintiff,           MEMORANDUM & ORDER
                                         22-cv-04325(EK)(PK)

         -against-

 STANDARD CARIBBEAN SHIPPING, INC.,
 WILLIAMS WORLDWIDE SHIPPING &
 TRADING, INC.,

                    Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Hazel Abrams, who lives in Queens, sought to ship certain goods to Guyana, which she describes as her home country.  She engaged the defendants — an "ocean freight forwarder" called Standard Caribbean Shipping and its "agent," Williams Worldwide Shipping and Trading — to ship those goods by "ocean carriage."  Ms. Abrams alleges that the ensuing arrangement constituted a maritime shipping contract, as evidenced by the dock receipt confirming the transaction's terms.  She further alleges that after she received the dock receipt, and while the goods were in the defendants' custody, the defendants informed her that there would be a substantial additional shipping cost.

        Her complaint sets forth two state-law causes of action — for breach of contract and fraudulent misrepresentation

arising from the shipping contract. The parties are not diverse; rather, the plaintiff has invoked this court's admiralty jurisdiction.

The defendants here have moved to dismiss the case in its entirety on the basis that admiralty jurisdiction does not lie here. As set forth below, however, well settled Second Circuit precedent confirms the reach of admiralty jurisdiction to Ms. Abrams' breach of contract claim; and even if admiralty jurisdiction would not lie for her tort claim, the court's supplemental jurisdiction easily reaches it. Accordingly, the motion is denied.

## I. Discussion

### A. Admiralty Jurisdiction Reaches the Contract Claim

District courts "have original jurisdiction, exclusive of the courts of the States" over any "civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). When assessing subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint. *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Thus, the court may consider, for example, the Williams Worldwide dock receipt at ECF No. 24-10.

A court has admiralty jurisdiction over a shipping contract if the contract's "primary objective is to accomplish the transportation of goods by sea." *Norfolk S. Ry. Co. v.*

2

*Kirby*, 543 U.S. 14, 24 (2004). "A dispute over . . . a maritime contract for ocean carriage[] clearly implicates the fundamental federal interest in the protection of maritime commerce." *Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273, 279 (2d Cir. 2000). Further, "a dock receipt issued by a carrier" is a "maritime instrument[]," and disputes arising out of it thus "may be litigated in a federal court based on its admiralty jurisdiction." *Id.* at 277-78.[1] This is true even if the causes of action arose on land. *Id.* at 278; accord 1 *Benedict on Admiralty* § 189[a] (2024). Here, a dock receipt confirms that the parties contracted to ship Abrams' goods by sea to Guyana. ECF No. 24-10. Thus, the court has admiralty jurisdiction over the breach of contract claim — even if the alleged breach occurred on land. *Thypin Steel*, 215 F.3d at 279.

B. **Supplemental Jurisdiction Over the Misrepresentation Claim is Proper**

Supplemental jurisdiction is available under 28 U.S.C. § 1367(a) when federal claims and state claims "stem from the same common nucleus of operative fact." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011). To exercise supplemental jurisdiction over a state claim in an admiralty case, the court must first confirm its original

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

jurisdiction in admiralty (as occurred above).  *See Kreatsoulas v. Freights of the Levant Pride*, 838 F. Supp. 147, 152 (S.D.N.Y. 1993).  It must then determine that the admiralty claim is sufficiently "related" to the state claim that they form part of the same case or controversy.  *See id.*

Another court in this district recently exercised supplemental jurisdiction in circumstances effectively identical to those here: over a fraud claim that was premised on misrepresentations made in the formation of a maritime shipping contract.  *See Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*, 557 F. Supp. 3d 381, 390 (E.D.N.Y. 2021).  In *Cargo Logistics*, the court held that it lacked admiralty jurisdiction over a fraud claim, as the alleged fraud had not occurred on navigable water, a prerequisite for admiralty jurisdiction over tort claims.  *See id.* at 391.  The court did, however, have admiralty jurisdiction over a claim for breach of a maritime contract arising from the same events — the cargo's shipment and abandonment.  *See id.* at 390-92.  Accordingly, the court exercised supplemental jurisdiction over the fraud claim. *See id.*

For the same reasons as in *Cargo Logistics*, supplemental jurisdiction over Abrams' fraud claim lies here.  The alleged misrepresentation — that Abrams owed more than she

4

had contracted to pay for shipment — arises from the same facts as Abrams' breach of maritime contract claim.

## II. Conclusion

Defendants' motion to dismiss is denied. The parties are referred to Judge Kuo for pretrial supervision.

SO ORDERED.

                                               /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:    February 27, 2024
            Brooklyn, New York